**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEBORAH GROOMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-3386 |
| | : | |
| PENNYMAC LOAN SERVICES, LLC | : | |

## <u>MEMORANDUM</u>

MURPHY, J.                                                                                     March 27, 2023

I.      <u>Introduction</u>

Deborah Grooms sued PennyMac Loan Services, LLC ("PennyMac") pro se for allegedly violating the Fair Debt Collections Practices Act (FDCPA).  PennyMac removed the action from state court and has moved to dismiss Ms. Grooms's amended complaint.  We grant PennyMac's motion without prejudice for two reasons.  First, Ms. Grooms's allegations are barred in part by the FDCPA's statute of limitations.  Second, Ms. Grooms fails to plausibly allege that PennyMac communicated with her in a way Congress prohibits.  Therefore, she fails to state a claim upon which relief can be granted.  We grant her leave to amend her complaint to remedy these deficiencies, if the facts allow her to do so.

Also pending are several motions filed by Ms. Grooms.  She filed motions for default judgment, trial, summary judgment, sanctions, and entry of injunction or restraining order.  Because we grant PennyMac's motion to dismiss without prejudice, Ms. Grooms's motions for default judgment and trial are denied as moot.  We deny her motion for summary judgment because it is premature.  And finally, we also deny her motion for preliminary injunction or temporary restraining order, as well as her motion for sanctions.

## II.   Facts

Ms. Grooms entered a mortgage agreement with Prospect Mortgage, LLC on June 24,

2016.  DI 10-1 Ex. A.[1]  Prospect Mortgage lent Ms. Grooms $175,266.00.  *Id.*  In exchange, Ms.

Grooms "mortgage[d], grante[d], and convey[ed]" the property located at 3341 Red Lion Road,

Philadelphia, PA 19114, to Mortgage Electronic Registration Systems, Inc.  *Id.*[2]  Philadelphia

County's Records Department electronically recorded the agreement on July 2, 2016.  *Id.*  The

agreement permitted the sale of mortgage "one or more times without prior notice to [Ms.

Grooms]."  *Id.*

On August 4, 2016, PennyMac sent Ms. Grooms two documents.  DI 8 Ex. B, C.  One

document said that Prospect Mortgage transferred the servicing of her loan to PennyMac.  *Id.*

¶ 9; *see also id.* Ex. B.  The document instructed Ms. Grooms to start making mortgage

payments to PennyMac on or after September 1, 2016.  *Id.* Ex. B.  PennyMac clarified in the

document that "[t]he transfer of servicing does not affect any other terms or conditions of the

mortgage documents, other than terms directly related to the servicing of [her] loan."  *Id.*

PennyMac explained it was "required by law to inform [Ms. Grooms] that this communication is

---

[1] PennyMac asks us to take judicial notice of Exhibit A to its motion to dismiss, which is the recorded mortgage agreement.  *See* Fed. R. Evid. 201(c)(2) ("The court must take judicial notice if a party requests it and the court is supplied with the necessary information.").  We take judicial notice of Exhibit A even though Ms. Grooms did not append it as an exhibit to her amended complaint.  Rule of Evidence 201(b) permits courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts in this district regularly take judicial notice of publicly recorded mortgages.  *See, e.g.*, *Ahmed v. Wells Fargo Bank, NA*, 432 F. Supp. 3d 556, 560 n.1 (E.D. Pa. 2020); *Stone v. JPMorgan Chase Bank, N.A.*, 415 F. Supp. 3d 628, 631 n.1 (E.D. Pa. 2019); *Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, 2017 WL 5668053, at *9 (E.D. Pa. Nov. 27, 2017).

[2] Mortgage Electronic Registration Systems, Inc. served as Prospect Mortgage's nominee for the mortgage agreement.  *Id.*

from a debt collector." *Id.*

PennyMac titled the second document "Notification of Assignment, Sale or Transfer of Your Mortgage Loan." *Id.* Ex. C. It stated that Ms. Grooms's loan "was sold to PennyMac." *Id.* The letter told Ms. Grooms that she was not required to take any action on her loan. *Id.* It was not until five years later — September 27, 2021 — that the assignment of Ms. Grooms's mortgage was publicly recorded. DI 10 Ex. B.[3]

On January 27, 2022, PennyMac sent Ms. Grooms another letter notifying her that she defaulted on her mortgage payments. DI 1-3 at 15.[4] PennyMac said it "may invoke any remedies . . . including but not limited to foreclosure sale of the property" if Ms. Grooms did not repay the amount in default by March 3, 2022. *Id.* The final page of PennyMac's letter stated "[t]his is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose." *Id.*

On June 7, 2022, PennyMac initiated a foreclosure action against Ms. Grooms in state court.[5] Shortly after PennyMac sued Ms. Grooms for foreclosure, she responded in kind by initiating this action.

---

[3] For the reasons set forth above in note 1, we take judicial notice of the publicly filed Assignment of Mortgage electronically dated September 27, 2021.

[4] PennyMac notes that Ms. Grooms did not attach Exhibit A (January 27, 2022 letter from PennyMac) to her amended complaint in federal court. But she included it in her state court filing. *See* DI 1-3.

[5] "[A] court may take judicial notice of the record from a state court proceeding and consider it on a motion to dismiss." *Schafer v. Decision One Mortg. Corp.*, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009).

III. <u>PennyMac's Motion to Dismiss</u>[6]

Ms. Grooms claims PennyMac violated several provisions of the Fair Debt Collections Practices Act.  She alleges the 2016 transfer of her mortgage to PennyMac violates § 1692g of the FDCPA because she did not consent to transfer.  DI 8 ¶ 8.  She claims PennyMac's "common practice of transferring security interest[s] is false and misleading." *Id.* (citing § 1692e).  She further alleges that she did not consent to PennyMac notifying her of her debts owed in January 2022, "which is a willful violation of 15 U.S.C. § 1692c(a)." *Id.* ¶¶ 4-6.  And she maintains she was not responsible for paying PennyMac because PennyMac is a third-party debt collector. *Id.* ¶ 7.  She requests declaratory relief and $5,000,000 in damages. *Id.* ¶ 11.

Ms. Grooms mooted PennyMac's first motion to dismiss by amending her complaint. *See* DI 4, 8, 11.  PennyMac then moved to dismiss her complaint again. *See* DI 10.  PennyMac's arguments in favor of dismissal differ from its original motion.  First, PennyMac argues that we should dismiss Ms. Grooms's complaint with prejudice because her allegations relate to the 2016 sale of her mortgage and are time-barred under the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d).  Second, PennyMac argues that Ms. Grooms lacks standing to bring a claim alleging harm from the sale or assignment of her mortgage. *See* DI 10-1 at 4-5.  Third, PennyMac asserts that we should not grant Ms. Grooms leave to amend her complaint because nothing can cure her allegations. *Id.* at 7.

Ms. Grooms does not contest PennyMac's motion to dismiss.  For the reasons set forth below, we (1) grant PennyMac's motion without prejudice, (2) deny as premature Ms. Grooms's

---

[6] As stated at the outset, we have several motions to decide.  We will proceed by separately analyzing PennyMac's motion to dismiss, and our decision will resolve Ms. Grooms's motion for default judgment (DI 6), summary judgment (DI 12), trial (DI 25), and preliminary injunction or restraining order (DI 20).  We will finish by deciding Ms. Grooms's motion for sanctions (DI 16) separately.

motions for summary judgment, default judgment, and trial, and (3) deny Ms. Grooms's motion for preliminary injunction or restraining order.  We also deny Ms. Grooms's motion for sanctions.

## IV.    <u>Standard of Review</u>

A complaint cannot survive a motion to dismiss unless "the facts it recites are enough to state plausible grounds for relief."  *Thompson v. State of Del. Dep't of Servs. for Child., Youth, & Their Fams.*, 44 F.4th 188, 194 (3d Cir. 2022).  The Third Circuit employs a three-step process to assess whether a complaint states plausible grounds for relief.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010).  It begins by noting "the elements a plaintiff must plead to state a claim."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Next, it disregards "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."  *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012).  And finally, the Third Circuit decides whether the allegations "plausibly give rise to an entitlement to relief" when "construing the allegations and reasonable inferences 'in a light most favorable to the [plaintiff].'"  *Oakwood Laboratories LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).

We will apply the Third Circuit's three-step test and construe Ms. Grooms's pro se allegations liberally.  *See Walker v. Phelan Hallinan Diamond & Jones*, 269 F. Supp. 3d 618, 621 (E.D. Pa. 2017).  We will also evaluate, under the Third Circuit's guidance, exhibits to the complaint and documents subject to judicial notice.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

V.   **Analysis**

**A.  We grant PennyMac's motion to dismiss without prejudice.**

Congress enacted the FDCPA in part "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  To successfully state a claim under the FDCPA, a plaintiff must establish four elements:

(1) he or she is a consumer who was harmed by violations of the FDCPA;
(2) that the "debt" arose out of a transaction entered into primarily for personal, family, or household purposes;
(3) that the defendant collecting the debt is a "debt collector"; and
(4) that the defendant violated, by act or omission, a provision of the FDCPA.

*Almashhadani v. Norris McLaughlin, P.A.*, 2021 WL 2454456, at *3 (E.D. Pa. June 16, 2021).

PennyMac does not appear to dispute the first two elements, which are easily identified in Ms. Grooms's complaint.  First, Congress defines a consumer under the FDCPA as a "person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  Though she disputes that she owes the debt, Ms. Grooms does allege that PennyMac contacted her about an "alleged debt."  Second, the debt Ms. Grooms complains about comes from the transaction she entered to secure a mortgage.

Turning to the third element, in its first motion to dismiss, PennyMac argued that Ms. Grooms failed to plausibly allege that PennyMac is a debt collector.  PennyMac did not include that argument in its second motion, but because we are giving Ms. Grooms leave to refile, we will examine the issue for the sake of clarity.  Her complaint must provide something more than empty, conclusory accusations.  *See Taggart v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 2255875, at *9 (E.D. Pa. June 3, 2021) (holding plaintiff failed to establish a company was a debt collector when relying only on a "bald[] assert[ion]" that it "regularly engages in the collection of debt"); *Belfi v. USAA Fed. Savings Bank*, 2022 WL 4097325, at *5-6 (E.D. Pa. Sept. 7, 2022)

(concluding plaintiff's allegations that the company "appears to be the debt collector" with no other facts failed to adequately demonstrate the company was a debt collector).  We conclude Ms. Grooms has adequately shown that PennyMac is a debt collector.

To decide whether a party is a debt collector, the Third Circuit and its district courts cut Congress's definition of "debt collector" in "two possible paths."  *Tepper v. Amos Fin., LLC*, 2017 WL 3446886, at *8 (E.D. Pa. Aug. 11, 2017), *aff'd*, 898 F.3d 364 (3d Cir. 2018).  The first path is the "principal purpose" debt collector, where Congress defines a debt collector as "any person who uses an instrumentality of interstate commerce of the mails of any business ***the principal purpose of which is the collection of debts***."  15 U.S.C. § 1692a(6) (emphasis added).  The second path is the "regularly collects" debt collector, where Congress defines debt collectors as persons "who regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.*

In *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79 (2017), the Supreme Court focused exclusively on path two: assessing "the scope of the 'regularly collects' definition of debt collector."  *Barbato v. Greystone All., LLC*, 916 F.3d 260, 266 (3d Cir. 2019).  But in *Tepper*, the Third Circuit examined path one and held "an entity whose *principal purpose* of business is the collection of any debts is a debt collector *regardless whether the entity owns the debts it collects*."  898 F.3d 364, 371 (3d Cir. 2018) (emphasis added).  The Third Circuit reaffirmed the Supreme Court's conclusion in *Henson* that entities can still be "within the [FDCPA's] reach" even if they can be considered both a creditor and debt collector.  *Id.*  The company at issue in *Tepper* "admitted" that its "sole business is collecting debts it has purchased," and "[i]t uses the mails and wires for its business."  *Id.* at 370.

The Third Circuit in *Barbato* went a step further and concluded a debt purchaser that

routinely referred debts to a third-party collection agency had a "principal purpose" of collecting

debts under the FDCPA. *Barbato*, 916 F.3d at 268. The Third Circuit clarified that the

collection of a debt "for another" — the lynchpin of the Supreme Court's analysis in

*Henson* — "does not appear in the 'principal purpose' definition." *Id.* at 266.[7] The Third Circuit

rebuked the debt purchaser's argument that "the 'principal purpose' definition applies only to

those that engage in 'overt acts of collection.'" *Id.* at 267. What mattered, according to the

Third Circuit, is whether the entity's "most important aim is" the collection of a debt. *Id.*

Courts in this district have been inclined to treat a company's principal purpose as debt

collection when the company identifies itself as a debt collector in correspondence with

consumers. *See, e.g.*, *Goldsmith v. Ocwen Fin. Corp.*, 2021 WL 816453, at *6 (E.D. Pa. Mar. 3,

2021) (finding "entirely unpersuasive" a mortgage servicer's argument that it was not a debt

collector because, in part, the service "identif[ied] themselves as debt collectors in all

correspondence to [consumer]"); *Rivera v. Bayview Loan Servicing*, 2020 WL 1508328, at *4

(E.D. Pa. Mar. 30, 2020) (concluding company's principal purpose was debt collection where the

company "admits . . . it is a debt collector" in letters sent to consumer). A company's activity in

foreclosure litigation further suggests that it falls under the principal purpose definition of a debt

collector. *See Muir*, 2019 WL 3530521, at *7 (stating consumer demonstrated a company's

principal purpose was debt collection in part because of its activity in state court foreclosure

litigation). Conversely, courts in this district have declined to accept that a company's principal

purpose is debt collection when it is only one of the many parts of their business. *See, e.g.*, *Stone

v. JPMorgan Chase Bank, N.A.*, 415 F. Supp. 3d 628, 633 (E.D. Pa. 2019) (treating "a

---

[7] *See also Muir v. AM Sols., LLC*, 2019 WL 3530521, at *7 (E.D. Pa. Aug. 1, 2019)
("The principal purpose definition is not encumbered with the 'debt due or owed . . . another'
language, rather it applies to 'any debt.'").

multinational financial services firm" as a "traditional creditor" because "debt collection is one of perhaps many parts of its business").

Viewing Ms. Grooms's allegations liberally leads us to conclude she has sufficiently alleged that PennyMac is a debt collector.  We reach this conclusion in large part because of the exhibits she attached to her original and amended complaint.  In PennyMac's August 4, 2016 letter to Ms. Grooms regarding the transfer of her loan, PennyMac expressly states the "communication is from a debt collector."  DI 8 Ex. B.  PennyMac stated in its January 27, 2022 letter to Ms. Grooms that it "is attempting to collect a debt, and any information obtained will be used for that purpose."  DI 1-3 Ex. A.  The January 27 letter further explains on page four that "[t]his is an attempt *by a debt collector* to collect a debt and any information obtained will be used for that purpose."  *Id.*  PennyMac made it clear, like the companies in *Rivera* and *Goldsmith*, that by contacting Ms. Grooms it "identif[ied] [itself] as a debt collector."  DI 8 ¶ 5.

We also note that, as PennyMac explains, this dispute started "[s]hortly after the foreclosure action was initiated" in state court by PennyMac against Ms. Grooms.  DI 10-1 at 2.  Like the debt collector in *Muir*, PennyMac's "dedication to debt collection is further evidenced by its foreclosure litigation in the Philadelphia County Court of Common Pleas."  *Muir*, 2019 WL 3530521, at *7.  Therefore, Ms. Grooms has sufficiently pled that PennyMac is a debt collector.

We now must decide whether Ms. Grooms has adequately shown that PennyMac violated the FDCPA.  She has not, and moreover, part of the basis for her complaint is barred by the FDCPA's statute of limitations.

      1.  <u>The FDCPA's one-year statute of limitations bars Ms. Grooms's claims to the extent she relies on the sale of her mortgage to PennyMac to state a claim.</u>

"A claim under the FDCPA 'may be brought . . . within one year from the date on which

the violation occurs.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)).  The statute of limitations clock starts "'when the alleged violation occurs, not when the violation is discovered,' unless an equitable, fraud-specific discovery rule applies." *Ahmed v. W. Coast Servicing Inc.*, 2020 WL 10456929, at *1 n.2 (E.D. Pa. Nov. 23, 2020) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 357 (2019)).  Claims are barred by the FDCPA's statute of limitations to the extent they rely or are predicated on communications from more than one year prior to the filing of the complaint.[8]  But equitable tolling may save an aggrieved consumer if he or she can establish "(1) that [they have] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [their] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, Ms. Grooms's allegations arising from the 2016 transfer of her mortgage agreement are barred by the statute of limitations.  On that basis, Ms. Grooms would have had to sue PennyMac on or before August 4, 2017.  And Ms. Grooms cannot argue that she was unaware of the transfer from Prospect Mortgage to PennyMac until 2021 (when her mortgage was recorded) or 2022 (when PennyMac sent her a notice of default) because Ms. Grooms refers to the 2016 letter "notifying [her] of transfer and assignment of mortgage."  DI 8 ¶ 9.  Thus, she knew Prospect Mortgage transferred her loan.

---

[8] *See, e.g.*, *Kareem v. PHH Mortg. Corp.*, 2021 WL 2070609, at *6 (D.N.J. May 24, 2021) (disregarding FDCPA allegations "that are premised on the [untimely] notice of servicing transfer letter and addendum . . . due to the statute of limitations"); *Lewis v. Legal Servicing, LLC*, 2022 WL 2531817, at *11 (S.D.N.Y. Mar. 15, 2022) (holding FDCPA claims were untimely if premised upon actions occurring before one-year statute of limitations began); *Reynolds v. JP Morgan Chase Bank N.A.*, 2020 WL 12654667, at *4 n.6 (S.D. Ind. Feb. 5, 2020) ("[A]ny FDCPA claim based on communications from [transferee of mortgage loan] that took place before [one year prior to the date the complaint was filed] . . . is barred by the one-year statute of limitations.").

Ms. Grooms's contention that a "recent discovery" led her to uncover PennyMac's supposed FDCPA violation is also unpersuasive. *Id.* Under the Supreme Court's holding in *Rotkiske*, the date she supposedly discovered PennyMac's alleged violation is irrelevant. The date of the actual alleged violation is what matters. We will not apply equitable tolling without any allegation suggesting that extraordinary circumstances prevented her from expediently pursuing her claims. To the extent her claims rely on the 2016 transfer of her mortgage, they are barred.

2. <u>Ms. Grooms does not allege facts supporting her claim that she did not consent to the communications she received from PennyMac.</u>

Congress defines a "communication" from debt collector to consumer as the "convey[ance] of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Congress promulgated three instances where debt collectors "may not communicate" with consumers: (1) "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer," (2) "if the debt collector knows the consumer is represented by an attorney with respect to such debt," or (3) "at the consumer's place of employment." *Id.* § 1692c(a).

Ms. Grooms says she did not provide written consent for PennyMac to contact her about her debt in January 2022. *See* DI 8 ¶ 6. But she does not allege any facts demonstrating PennyMac contacted her in any of the ways Congress prohibits. Her claim fails as a matter of law.[9]

---

[9] Because we hold Ms. Grooms does not state a claim for relief, her motions for default judgment and trial are denied as moot. Ms. Groom's summary judgment motion is also denied because it is premature. This case is still at the pleadings stage, and "there is not yet a factual record developed." *Johnson v. Phila. Hous. Auth.*, 2016 WL 5468167, at *4 (E.D. Pa. Sept. 29, 2016) (denying pro se litigant's summary judgment motion after dismissing litigant's complaint with leave to amend).

    3.  <u>We deny Ms. Grooms's request for declaratory relief because courts do not</u>
       <u>offer equitable relief for FDCPA violations.</u>

In addition to seeking $5,000,000 in damages, Ms. Grooms requests we grant her

declaratory relief.  But her demand for declaratory judgment fails because "[t]he FDCPA

contains no express provision for injunctive or declaratory relief in private actions."  *Weiss v.*

*Regal Collections*, 385 F.3d 337, 341 (3d Cir. 2004), *abrogated on other grounds by Campbell-*

*Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Ellington v. U.S. Bank Nat'l Ass'n*, 2009 WL

10712185, at *2 (N.D. Ga. Sept. 29, 2009).

    4.  <u>We grant Ms. Grooms leave to amend her complaint to add allegations to</u>
       <u>properly plead an FDCPA claim.</u>

Courts may grant parties leave to amend "when justice so requires."  Fed. R. Civ. P.

15(a)(2).  The Third Circuit has stated district courts "must inform the plaintiff that he has leave

to amend within a set period of time" even if "a plaintiff does *not* seek leave to amend."

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Though Rule 15 "provides a

liberal standard . . . leave to amend may be denied when there is 'undue delay, bad faith, dilatory

motive, prejudice, and futility.'"  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d

107, 115 (3d Cir. 2019) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

"Amendment would be futile if 'the amended complaint would not survive a motion to

dismiss for failure to state a claim.'"  *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 436 (E.D. Pa.

2021) (quoting *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014)).

Futility is also demonstrated when a party's amended complaint "was essentially identical to his

initial [c]omplaint."  *Perry v. Faddis*, 2023 WL 144432, at *8 (E.D. Pa. Jan. 10, 2023).  This is

especially if an opposing party's motion to dismiss puts a plaintiff "on notice of the deficiencies

in the [c]omplaint."  *Carson v. Willow Valley Cmtys.*, 2018 WL 827400, at *4 (E.D. Pa. Feb. 12,

2018), *aff'd*, 789 F. App'x 310 (3d Cir. 2019) (denying plaintiff's proposed amended complaint because he failed to "revise his claims to add any missing factual averments" and merely "repeat[ed] the allegations of the" original complaint).

The Third Circuit has held that amendment is futile where a pro se litigant had "two chances to tell his story" and could not allege sufficient facts to state a claim. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew* (*Jones II*), 944 F.3d 478, 483 (3d Cir. 2019). Prior to *Jones II*, The Third Circuit granted the pro se litigant leave to amend because his objections to a magistrate judge's report and recommendation focused only on whether his complaint was timely, "rather than the viability of his claims." *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew* (*Jones I*), 700 F. App'x 156, 157 (3d Cir. 2017). The Third Circuit in *Jones I* vacated the district court's order denying the pro se litigant leave to amend to give him the chance to "set forth additional allegations." *Id.* After given the opportunity, the magistrate judge again dismissed his claims. *Jones II*, 944 F.3d at 481. And on appeal for a second time, the Third Circuit concluded amendment was futile because the pro se litigant had the chance to bring additional allegations, but failed. *Id.* at 483.

Here, we grant Ms. Grooms leave to amend for two main reasons. First, we have not granted Ms. Grooms leave to amend her complaint to date. She amended her complaint as a matter of course only after PennyMac removed this action from state court. *See* DI 4, 8.

Second, in contrast to the motion to dismiss currently at issue, PennyMac's original motion did not argue her claims are barred by the FDCPA's statute of limitations to the extent they rely on the 2016 transfer of her mortgage. *See generally* DI 4. Ms. Grooms amended her complaint as a matter of course and added allegations relating to the 2016 transfer of her mortgage. Now, Ms. Grooms is on notice of specific deficiencies in her complaint: the

allegations based on letters she received seven years ago cannot state a basis for a claim absent

extraordinary circumstances.  While we are mindful that the overlapping allegations in Ms.

Grooms's original and amended complaint relate primarily to the 2022 notice she received from

PennyMac, we grant her another opportunity to exhibit the viability of her claims.  If the facts

allow her to do so, Ms. Grooms may revise her complaint to avoid or overcome the statute of

limitations.

### B. We deny Ms. Groom's motion for preliminary injunction or restraining order because she does not allege facts demonstrating immediate relief is warranted.

To decide a motion for preliminary injunction, the Third Circuit requires us to consider

(1) the likelihood that the plaintiff will prevail on the merits at final hearing;
(2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of;
(3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and
(4) the public interest.

*AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) (quoting

*Merchant & Evans, Inc. v. Roosevelt Bldg. Prods.*, 963 F.2d 628, 632-33 (3d Cir. 1992)).  The

Third Circuit classifies the first two factors for a preliminary injunction as "gateway" or

"threshold" factors.  *Greater Phila. Chamber of Commerce v. City of Philadelphia*, 949 F.3d

116, 133 (3d Cir. 2020).  Only after the moving party establishes the likelihood of prevailing on

the merits and irreparable harm should a court assess the final two factors.  *Id.*; *see also Mallet &

Co., Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) ("If both factors are established, however,

the district court considers the remaining factors . . . .").  "The standards for a temporary

restraining order are the same as those for a preliminary injunction."  *Bieros v. Nicola*, 857 F.

Supp. 445, 446 (E.D. Pa. 1994).

Here, Ms. Grooms has not demonstrated a likelihood of prevailing on the merits of her

claim, as evidenced by our grant of PennyMac's motion to dismiss.  For the reasons discussed

above, we deny Ms. Grooms's motion.

### C.  We deny Ms. Grooms's motion for sanctions because PennyMac's counsel did not submit frivolous, meritless, or bad faith filings.

Federal Rule of Civil Procedure 11(b) guards against improper, harassing, dilatory, or

frivolous conduct by parties engaged in litigation.  Rule 11's core purpose "is to deter baseless

filings in district court and thus . . . streamline the administration and procedure of the federal

courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  To show a Rule 11

violation, a party must "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R.

Civ P. 11(c)(2).  The Third Circuit has noted that "sanctions are prescribed 'only in the

"exceptional circumstance" where a claim or motion is patently unmeritous or frivolous.'" *Ford

Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Doering v.

Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

Here, Ms. Grooms asks that we sanction and penalize PennyMac and its counsel, but her

arguments lack merit.  There is nothing in the record of this case to suggest that PennyMac has

harassed Ms. Grooms or made any frivolous filing.  We deny the motion for sanctions.

### VI.   <u>Conclusion</u>

We hold that Ms. Grooms has failed to state a claim for relief under the FDCPA.  We

grant PennyMac's motion to dismiss (DI 10) without prejudice, and grant Ms. Grooms leave to

amend her complaint **within fourteen (14) days**.

We deny as moot Ms. Grooms's motions for default judgment, (DI 6) and trial (DI 25).

We also deny her motion for preliminary injunction or temporary restraining order (DI 20).  We

deny as premature Ms. Grooms's motion for summary judgment (DI 12).  Finally, we deny Ms.

Grooms's motion for sanctions (DI 16).